

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO: 1:07-CR-00041-P-BL-1 |
| | § § | |
| DON WHITLEY LIVELY<br>a.k.a. Don Whitley Lively III | § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This Report and Recommendation is submitted to the United States district judge pursuant to 28 U.S.C. §636(b) and the referral Order dated January 26, 2016 (Doc. 77), addressing the motion to revoke **DON WHITLEY LIVELY**'s term of supervised release.

### I. PROCEDURAL BACKGROUND

#### A. Original Conviction

On July 11, 2007, **DON WHITLEY LIVELY** (hereafter "Defendant") pleaded guilty to Count One of an indictment charging Convicted Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1). (Doc. 29). On January 3, 2008, Defendant was sentenced to 71 months custody, to be followed by a 3-year term of supervised release. (Doc. 29.). Supervision commenced on January 10, 2014. (Doc. 45).

On September 19, 2014, Defendant's term of supervised release was revoked, and he was sentenced to 12 months custody and a 2-year term of supervised release. (Doc. 65). Supervision commenced August 24, 2015. (*id.*)

On January 1, 2015, jurisdiction was transferred from Senior U.S. District Judge Sam R. Cummings to Chief U.S. District Judge Jorge A. Solis, with a docket entry reflecting same on January 4, 2016.

On December 23, 2015, a Petition for Offender under Supervision was prepared by the United States Probation Office, (Doc. 63), requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The District Judge ordered the issuance of a warrant on January 4, 2016. (*id.*).

### B. Current Revocation Proceedings

#### 1) Procedural History

Before the Court is the Government's Motion to Revoke Supervised Release dated January 5, 2016, (Doc. 65), requesting revocation of Defendant's term of supervised release and that Defendant be ordered to serve a sentence as determined by the Court. This Motion followed the Petition of the United States Probation Office, (Doc. 63), discussed above.

Defendant appeared before the undersigned magistrate judge on January 14, 2016, for an initial appearance. (Doc. 68). A detention hearing and preliminary revocation hearing were scheduled for January 21, 2016, but the preliminary hearing was orally waived by Defense Counsel. (Doc. 72). The detention hearing was held as scheduled. Subsequently, an Order of Detention and Finding Probable Cause was entered by the magistrate judge on January 21, 2016. (Doc. 74).

#### 2) Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically[1]:

**Violation of Mandatory Condition**
The defendant shall not commit another federal, state, or local crime.

**Violation of Standard Condition No. 11**
The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

**Nature of Noncompliance**
Lively violated these conditions of supervised release when he burglarized a vehicle on or about December 14, 2015, and removed a paint sprayer from the vehicle located at 774 East Highway 80 (westbound), Abilene, Texas, without the owner's consent. On that same date, a traffic stop was conducted by officers of the Abilene Police Department, Abilene, Texas, on the vehicle driven by Lively. He was found to be in possession of the stolen item, and he was subsequently arrested and charged with Burglary of a Vehicle, a violation of Texas Penal Code § 30.04, a Class A misdemeanor.
Further, Lively failed to contact his probation officer within 72 hours of his arrest on December 14, 2015.

**Violation of Mandatory Condition**
The defendant shall not illegally possess a controlled substance.

**Violation of Mandatory Condition**
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

**Violation of Standard Condition No. 7**
The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance of any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Violation of Special Condition No. 2**
The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision.

**Nature of Noncompliance**
Lively has violated these conditions of supervised release by using and/or possessing methamphetamine, an illegal controlled substance. On October 19, 2015, Lively admitted, both verbally and in writing, to Senior U.S. Probation Officer Connie L. Massey that he had used

---

[1] Alleged violations taken from Petition for Offender under Supervision dated December 23, 2015.

methamphetamine on or about October 10 and 18, 2015.

**Violation of Special Condition No. 1**

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $30 per month.

**Nature of Noncompliance**
Lively has violated this condition of supervised release by failing to report for substance abuse counseling with Kinkade Family Services, Abilene, Texas, a federal contract treatment provider, on December 9, 2015, and failed to report to submit a random urine specimen to Kinkade Family Services, Abilene, Texas, on December 8, 2015.

### 3) Revocation Hearing

A Final Hearing on the Motion to Revoke Supervised Release was held on February 23, 2016, before the magistrate judge. Defendant was represented by John Saringer; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded.

Upon call of the matter, Defendant was placed under oath. The undersigned read the allegations contained in the Government's Motion to Revoke, after which Defendant indicated that he understood the allegations. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. Defendant acknowledged his understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically: the Mandatory Condition that he not commit another federal, state, or local crime; the Mandatory Condition that he not illegally possess a controlled substance; the Mandatory Condition that Defendant refrain from any unlawful use of a controlled substance and submit to drug testing as directed by the probation officer; Standard Condition Nos. 7 and 11; and Special Condition Nos. 1 and 2.

Defendant consented orally and in writing to allocution before the magistrate judge (Doc. 80). He apologized for his conduct, and for disrespecting the Court and his probation officer. He acknowledged that he had been given a second chance and wasted it. He realizes he is an addict, and wants to get the help he needs. He requested leniency in his sentence so he can start over with his life.

Defense counsel and the attorney for the government declined to comment.

## II. FINDINGS OF THE COURT

i. The Defendant pled true to the allegations that he violated conditions of his supervised release as contained in the Government's Motion to Revoke, and set forth in Section I.B(2) above, specifically: the Mandatory Condition that he not commit another federal, state, or local crime; the Mandatory Condition that he not illegally possess a controlled substance; the Mandatory Condition that Defendant refrain from any unlawful use of a controlled substance and submit to drug testing as directed by the probation officer; Standard Condition Nos. 7 and 11; and Special Condition Nos. 1 and 2.

ii. The Defendant was competent to make the decision to plead true to the allegations;

iii. The Defendant had both a factual and rational understanding of the proceedings against him;

iv. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea;

v. The Defendant was sane and mentally competent to stand trial for these proceedings and to assist his attorney in the preparation and conduct of his defense;

vi. The Defendant received a copy of the Government's Motion to Revoke, either read or had it read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him;

    vii.    A preliminary revocation hearing was terminated based upon the waiver of Defendant to contest probable cause as to the alleged violations. An Order of Detention and Finding Probable Cause was subsequently entered by the magistrate judge;

    viii.    At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B(2) above; and

    ix.    The Defendant violated conditions of his supervised release.

### III. SENTENCING

#### A. FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

    i.    The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

    ii.    The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2];

    iii.    The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *U.S. v. Tapia*, 131 S.Ct. 2382 (2011).

iv. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and

v. The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

### B. STATUTORY AND GUIDELINE PROVISIONS

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of six to twelve months imprisonment, based upon Defendant's criminal history category of IV and the admitted Grade C violations. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's admitted violations of possessing a controlled substance and refusal to comply with drug testing, *See* 18 U.S.C. § 3583(g)(1) and (3).[3]

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See*

---

[3] *See*, however, the exception contained in § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(d), noting that Defendant is charged with, and admitted, using and possessing a controlled substance and refusing to comply with drug testing, not failing drug tests.

7

18 U.S.C. § 3583(h); s*ee also U.S. v. Jackson*, 559 F.3d 368 (5th Cir. 2009)(the maximum allowable term of supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation). Accordingly, Defendant is subject to a term of supervised release of 2 years (3 years minus 12 months from prior revocation) minus the current revocation sentence.

### IV.  ANALYSIS AND RECOMMENDATION

Defendant began his second term of supervised release related to this case on August 24, 2015, after a previous revocation for using methamphetamine and for failing to maintain employment. Defendant was again referred to a federally contracted drug aftercare program when he began his current term of supervised release. Within weeks, he was again actively using methamphetamine. Upon admission of his use to the probation officer, the Court was advised of the violations and agreed to allow Defendant to attend an inpatient treatment program in Fort Worth, Texas. Defendant was referred and began the inpatient program on October 27, 2015. He successfully completed the program on November 25, 2015, and returned to reside in Abilene, Texas, with his mother and stepfather. Defendant had previously been working for Texas Roadhouse restaurant in Abilene, Texas, prior to his inpatient treatment and reported he had regained his job at Texas Roadhouse upon his return. On December 14, 2015, he was arrested in Abilene, Texas, for Burglary of a Vehicle. This charge remains pending. Further, Defendant failed to attend counseling and drug testing as instructed and as part of his aftercare requirements.

Despite a prior revocation for use of methamphetamine, Defendant has continued to use illegal drugs after being released to supervision for a second time. He has been afforded aftercare and inpatient treatment but is apparently not willing to discontinue his drug use. Accordingly, it

does not appear that Defendant would benefit from a third term of supervised release, and such is not recommended.

## V. CONCLUSION

Upon consideration of the foregoing, the magistrate judge **RECOMMENDS:**

i. that Defendant **be found to have violated** the conditions of his supervised release as set forth in Section I.B(2) above, specifically: the Mandatory Condition that he not commit another federal, state, or local crime; the Mandatory Condition that he not illegally possess a controlled substance; the Mandatory Condition that Defendant refrain from any unlawful use of a controlled substance and submit to drug testing as directed by the probation officer; Standard Condition Nos. 7 and 11; and Special Condition Nos. 1 and 2.;

ii. that his supervised release **be REVOKED**;

iii. that he **be SENTENCED to the custody of the Attorney General for a period of ten (10) months**; and

iv. that **no additional term of supervised release be imposed.**

### NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.

An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 8th[th] day of March, 2016.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE